J-S27029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BASSEM BASILY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AMANY ESTFANOUS | : | |
| | : | |
| Appellant | : | No. 215 EDA 2025 |

Appeal from the Order Entered January 15, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2022-15483

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED SEPTEMBER 18, 2025**

Amany Estfanous (Wife)[1] appeals *pro se* from the order entered by the Montgomery County Court of Common Pleas which ordered her to vacate the marital residence within thirty days, and ordered the Montgomery County Sheriff's Office to evict her if she failed to vacate. After review, we dismiss.

The underlying facts are not relevant to our disposition. However, we briefly note that on May 29, 2024, the trial court entered a decree and order divorcing Wife from Bassem Basily (Husband). The order provided that Wife was to refinance or assume the marital residence into her name alone within ninety days of the order. If she was unable to do so, then she was to vacate the residence within sixty days of her notice of inability to refinance or from the expiration of the ninety-day period, whichever occurred first.

---

[*] Former Justice specially assigned to the Superior Court.

[1] For simplicity, we refer to the parties as Husband and Wife even though the court has entered a divorce decree.

On October 30, 2024, Husband filed a motion to enforce the divorce decree. Husband alleged that Wife had neither timely refinanced nor assumed the mortgage on the marital residence. Thus, he argued that she should have vacated the residence, but instead she continued to reside in it in violation of the divorce decree and order.

Wife filed an answer to the motion, and the trial court held a short list conference. Thereafter, the court scheduled a hearing for December 17, 2024 and ordered Wife to bring any proof of her refinancing the mortgage to the hearing.

After the hearing, on January 15, 2025, the court entered the order currently on appeal which ordered Wife to vacate the marital residence within thirty days of the order. Wife timely filed this appeal. Preliminary, we note that Wife's brief does not conform to our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules . . . ."). If an appellate brief or reproduced record fails to conform to our rules, it may be suppressed, and "if the defects . . . are substantial, the appeal or other matter may be quashed or dismissed." ***Id.***

Appellate Rule 2111(a) lists the requirements for appellate briefs. Wife's appellate brief is utterly devoid of nearly all the requirements of this rule. Indeed, the entirety of her brief consists of the following paragraph, verbatim:

> AND NOW, this 15th day of May 2025, and now comes the appellant filing a brief. I have moved out of the property of [address]. Appellant Amany has never received the amount

of $16,458 contemporaneous with appellant vacating the marital residence. Appellee has not paid $16,458 (exhibit A), nor has appellee paid the child support in the full amount of $1,785 per month as is ordered by Domestic Relations. Appellant respectfully asks the Honorable Superior Courts to issue an order decreeing the appellee pay the amount of $16,458 and the monthly child support payments of $1,785.

Wife's Brief at 1-2 (unnumbered). Wife attached an "Exhibit A" to her brief which contains: 1) the trial court's May 29, 2024 divorce decree and order; 2) a modified order of support from August 6, 2024, which does not appear in our certified record; 3) a document related to service, partially handwritten by Wife; and 4) the trial court's Appellate Rule 1925(a) opinion. *See id.* at Exhibit A.

Wife's failure to comply with our appellate rules has substantially impeded our review of her appeal. Rather than challenge the order requiring her to vacate the marital residence, she baldly claims that she has vacated the marital residence, but that Husband has not paid her certain amounts. *See id.* at 1-2 (unnumbered).

The amounts that Wife claims Husband has not paid her are $16,458 contemporaneous with her vacating the residence and $1,785 in monthly child support. *See id.* Those amounts correspond to the two orders that Wife included in the exhibit to her brief: the May 29, 2024 divorce decree and order and an apparent modified order of support from August 6, 2024. However, neither of those orders are the order Wife appealed from in this case. Further, as noted, the modified order of support does not appear in our certified record. Thus, we cannot consider this order. *See, e.g., Mazzarese v. Mazzarese*,

319 A.3d 586, 596 (Pa. Super. 2024) ("[W]e have long held any documents that are contained in the reproduced record but are not a part of the official certified record do not exist.") (citations omitted).

It appears that Wife has not challenged the order requiring her to vacate. Therefore, we dismiss her current appeal without prejudice for Wife to seek compliance with the divorce decree and the support order in the trial court.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/18/2025